UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE BLACK HOUSTON,

            Plaintiff,

    -against-

KATHY HOCHOL, ET AL.,

            Defendants.

26-CV-1949 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se,* has filed a motion requesting a temporary restraining order. To obtain such preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.

The following allegations are drawn from Plaintiff's motion for preliminary relief, two letters he submitted in support of his motion, and the complaint.[1] Plaintiff is a "lifetime parolee"

---

[1] Plaintiff writes using irregular capitalization. The readability, the Court uses standard

currently residing in Bronx County. (ECF 1, at 3.) Plaintiff alleges that the New York State

Department of Corrections and Community Supervision ("DOCCS") and the New York State

Office of the Attorney General ("OAG") are "intentionally withholding" from him a 10-year

follow-up appointment regarding a procedure conducted at Cornell Medical Center on March 16,

2016, at a time when Plaintiff was incarcerated in a DOCCS facility. [2] (ECF 5, at 1.) Plaintiff

appears to argue that, since DOCCS took him to the March 2016 appointment, it therefore has a

duty to "oversee" his subsequent medical care. (ECF 6, at 1-2.) Plaintiff also appears to assert

that the alleged duty arises from the OAG's "fail[ure] to contest" certain facts in an action

Plaintiff brought in the New York State Court of Claims. (ECF 6, at 3.) Plaintiff seeks an order

directing the OAG and DOCCS to "produce the 3/16/16 mandated follow-up instructions for 10-

year retest immediately" and requiring the "immediate provision of glaucoma and COPD

medications." (*Id.* at 3-4.)

Among other deficiencies in his submissions, Plaintiff's allegations do not demonstrate

that any of the defendants owe him any duty to provide medical care. "[T]he Due Process

Clauses generally confer no affirmative right to government aid, even where such aid may be

necessary to secure, life, liberty, or property interests of which the government itself may not

deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196

(1989). The Second Circuit has recognized a "special relationship" exception to that general rule

for individuals who are involuntarily in custody of the state. *See Matican v. City of New York*,

524 F.3d 151, 155-56 (2d Cir. 2008). That exception can apply to parolees. *See Jacobs v.*

---

capitalization when quoting from Plaintiff's submissions. All other spelling, grammar, and
punctuation are as in the original documents unless otherwise noted.

[2] Plaintiff suggests that the medical care relates to a colonoscopy and "basic chronic
care/Hypertension/Arthritis" and glaucoma. (ECF 6, at 2.)

*Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) ("[A] parolee, although not in the state's physical custody, is nonetheless in its legal custody, and his or her freedom of movement, while not as restricted as that of an incarcerated prisoner, is nonetheless somewhat curtailed.") Parole imposes only minimal limitations on a person's freedom, however, and where "the limitations imposed by the state are minimal, so too are the duties it assumes." *Id.* at 107. Courts have held that, at most, the state may be required to provide medical services to a parolee for "a period of days or weeks after release . . . until he can obtain his own medical treatment." *Guarneri v. Wood*, No. 08-CV-0792 (TJM) (DRH), 2011 WL 4592209, at *16 (N.D.N.Y. Sept. 2, 2011) (citing *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 114 (N.D.N.Y. 2000)), *report and recommendation adopted*, 2011 WL 4594149 (N.D.N.Y. Sept. 30, 2011).

Here, Plaintiff alleges that he is on parole, and public records maintained by DOCCS indicate that Plaintiff was released to parole supervision on January 5, 2023. Plaintiff is well past the period of "days or weeks" after his release to parole during which the state could possibly have any duty to provide him with medical care. Because Plaintiff has not demonstrated that the state owes him any duty to provide him with medical care, he has not demonstrated a likelihood of success on the merits of his claims. Accordingly, Plaintiff's request for an order to show cause (ECF 7) is denied. The Court will address the claims asserted in Plaintiff's complaint in due course.

## CONCLUSION

The Court denies Plaintiff's request for a temporary restraining order. (ECF 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 30, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge