UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE HOUSTON, a/k/a TYRONE BLACK,<br>Plaintiff,<br>-v-<br>KATHY HOCHUL et al.,<br>Defendants. | 26-CV-1949 (JMF)<br>ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, alleging that Defendants violated his rights when he was housed at the Edgecombe Residential Treatment Facility ("Edgecomb RTF"). Named as Defendants are (1) New York Governor Kathy Hochul; (2) former New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony J. Annucci; (3) S. Henton, an employee Edgecombe RTF; (4) New York State Division of Parole Chairperson Darryl C. Towns; (5) DOCCS Director of Classification and Movement T. Bowers; (6) Edgecombe RTF Superintendent Seiveright Miller; (7) John/Jane Doe Deputy Superintendent of Administration for Edgecombe RTF; (8) John Doe head cook at Edgecombe; (9) current DOCCS Commissioner Martuscello III; and (10) "Jane/John #1-5." (ECF 1, at 2.) Plaintiff sues all defendants in their individual and official capacities.

By order dated March 30, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

[1] By separate order, also dated March 30, 2026, Chief Judge Laura Taylor Swain denied Plaintiff's request for a temporary restraining order. ECF 10.

(1) dismisses Plaintiff's claims against Annucci and Martuscello; (2) directs service on Hochul, Towns, Henton Bowers, and Miller; and (3) directs the New York State Attorney General's Office to assist Plaintiff and the Court in identifying the Deputy Superintendent and "head cook" of Edgecombe RTF.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A. Claims Against Annucci and Martuscello

Plaintiff sues former DOCCS Commissioner Annucci and current DOCCS Commissioner Martuscello in their official and individual capacities. For the reasons set forth below, the Court dismisses Plaintiff's claims against these defendants in both their official and individual capacities.

**1. Official-Capacity Claims**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States, their agencies, and their instrumentalities from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "To the extent that a state official is sued . . . in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the Eleventh Amendment also precludes claims against individual state officials, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).

Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, to the extent Plaintiff is asserting claims for damages, and retrospective injunctive relief, and/or retrospective declaratory relief against Annucci and Martuscello, his claims are barred by the Eleventh Amendment and dismissed for

seeking damages against a defendant who is immune from such relief and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").[2]

**2. Individual-Capacity Claims**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Instead, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir.

---

[2] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). To the extent Plaintiff is seeking prospective injunctive relief against these defendants in their official capacities, the Court dismisses those claims for the same reason it dismisses his individual-capacity claims against them: He fails to allege facts suggesting they violated his federal constitutional rights.

2020).

Plaintiff's only allegation against Annucci and Martuscello is that they supervised other defendants who allegedly violated his rights. *See* ECF 1, at 4. Plaintiff does not allege any facts showing that Annucci and Martuscello were personally involved in the events underlying his claims. The Court therefore dismisses Plaintiff's Section 1983 claims against these defendants in their individual capacities for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against Annucci and Martuscello in their individual capacities in an amended complaint that alleges facts showing how these defendants were personally involved in violating his rights.

**B. Order of Service on Remaining Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).[3]

To allow Plaintiff to effect service on Defendants Hochul, Towns, Henton, Bowers, and Miller through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/judge/Furman.**

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007. No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court (and therefore cannot, among other things, accept filings on behalf of the court, which must still be made by any *pro se* party

through the Pro Se Intake Unit). To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

**C. Valentin order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the Deputy Superintendent of Administration at Edgecombe RTF and the "head cook" at Edgecombe RTF when Plaintiff was confined there between January 5, 2023, and August 18, 2023. It is therefore ordered that the Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General's Office must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.[4]

[4] Plaintiff also names as defendants "Jane/John #1-5." Because Plaintiff alleges no facts showing that these defendants were involved in the events giving rise to his claims, the Court declines to issue a *Valentin* order as to them at this time.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Annucci and Martuscello for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), seeking damages against a defendant who is immune from such relief, and failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to issue summonses for Defendants Hochul, Towns, Henton, Bowers, and Miller, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005. An amended complaint form is attached to this order.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 21, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York State Governor Kathy Hochul
New York State Governor's Office
Executive Chambers, State Capitol
Albany, NY 12224

2. S. Henton
Edgecombe Residential Treatment Facility
611 Edgecombe Avenue
New York, NY 10032

3. Chairman Darryl C. Towns
New York State Division of Parole
1220 Washington Avenue
Albany, NY 12226

4. Director of Classification and Movement T. Bowers
New York State Department of Corrections and Community Supervision
The Harriman State Campus, Building #4
1220 Washington Avenue
Albany, NY 12226

5. Superintendent Seiveright Miller
Edgecombe Residential Treatment Facility
611 Edgecombe Avenue
New York, NY 10032

Revised: July 1, 2024

# INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
**Jesse M. Furman, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

**2. Filing of Papers and Service**

**A. Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

**B. Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

**i.** delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

**ii.** emailing them as an attachment in PDF format to prose@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

**iii.** filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

**C. Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

**3. Discovery**

All requests for discovery by a *pro se* party should be sent to counsel for the party from

whom discovery is sought. Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

**4. Motions**

**A. Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

**B. *Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

**C. Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

**D. No Courtesy Copies.** Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

**E. Oral Argument.** Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

**5. Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties. Unless and until the Court orders otherwise, the conference will be held remotely by telephone using the Court's dedicated conference line, which can be access by calling (888) 363-4749 and then entering Access Code 542-1540, followed by the pound (#) key. If any party wishes for the conference to be conducted in person or by videoconference, he or she should confer with all other parties and promptly file a letter to that effect with the Court. The parties should consult the relevant scheduling order for additional information and guidance.

## 6. Trial Documents

A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

B. **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd.uscourts.gov), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

## 7. *Pro Se* Clinic

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case. The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment by visiting the Clinic's website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________
______________________________________
______________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

____ Civ. ________ ( ____ )

**AMENDED COMPLAINT**

**-against-**

______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________

Jury Trial: ☐ Yes ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name ______________________________________
Street Address ______________________________________
County, City ______________________________________
State & Zip Code ______________________________________
Telephone Number ______________________________________

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name ____________________________________________________________
Street Address _______________________________________________________
County, City ________________________________________________________
State & Zip Code _____________________________________________________
Telephone Number ___________________________________________________

Defendant No. 2
Name ____________________________________________________________
Street Address _______________________________________________________
County, City ________________________________________________________
State & Zip Code _____________________________________________________
Telephone Number ___________________________________________________

Defendant No. 3
Name ____________________________________________________________
Street Address _______________________________________________________
County, City ________________________________________________________
State & Zip Code _____________________________________________________
Telephone Number ___________________________________________________

Defendant No. 4
Name ____________________________________________________________
Street Address _______________________________________________________
County, City ________________________________________________________
State & Zip Code _____________________________________________________
Telephone Number ___________________________________________________

**II. Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ______________________________________________________________________
_____________________________________________________________________________
_____________________________________________________________________________

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ______________________________________________
Defendant(s) state(s) of citizenship _____________________________________________
_____________________________________________________________________________

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? ________________________________

___________________________________________________________________________________________

B. What date and approximate time did the events giving rise to your claim(s) occur? ___________

___________________________________________________________________________________________

___________________________________________________________________________________________

C. Facts: ___________________________________________________________________________

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

**IV. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

___________________________________________________________________________________________

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. ______________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _______________, 20__.

Signature of Plaintiff ______________________________________

Mailing Address ______________________________________

______________________________________

______________________________________

Telephone Number ______________________________________

Fax Number *(if you have one)* _________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______________________________________

Inmate Number ______________________________________