UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE HOUSTON, a/k/a TYRONE BLACK,

Plaintiff,

-v-

KATHY HOCHUL et al.,

Defendants.

---

26-CV-1949 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Tyrone Houston, proceeding without counsel, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, alleging that Defendants violated his rights when he was housed at the Edgecombe Residential Treatment Facility ("Edgecomb RTF"). Named as Defendants are (1) New York Governor Kathy Hochul; (2) former New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony J. Annucci; (3) S. Henton, an employee Edgecombe RTF; (4) New York State Division of Parole Chairperson Darryl C. Towns; (5) DOCCS Director of Classification and Movement T. Bowers; (6) Edgecombe RTF Superintendent Seiveright Miller; (7) John/Jane Doe Deputy Superintendent of Administration for Edgecombe RTF; (8) John Doe head cook at Edgecombe; (9) current DOCCS Commissioner Martuscello III; and (10) "Jane/John #1-5." ECF 1, at 2. Houston sues all defendants in their individual and official capacities.

Under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying defendants whose identities may not be known and service addresses for defendants. Here, there are also several related issues to address. First, Houston brings claims against all Defendants in their official capacities, and the identities of the officeholders at the time of the events alleged in the Complaint may differ from present-day officeholders. Accordingly, no later than **December 7, 2026**, the New York State Attorney General's Office (the "NYAG") shall file a letter identifying the current officeholders of all positions identified as held by Defendants in the Complaint. In the letter, the NYAG should also indicate whether, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, those individuals should be substituted for purposes of Defendant's official-capacity claims.

Next, on August 21, 2026, this Court directed the Clerk of Court to issue summonses for the named Defendants, including DOCCS Director of Classification and Movement T. Bowers. *See* ECF No. 12. On November 10, 2026, the United States Marshals Service advised that it was unable to execute service on T. Bowers because the name of the Defendant is not "complete." ECF No. 23. Accordingly, the NYAG is ordered to ascertain the identity of the DOCCS Director

of Classification and Movement at the time of the events alleged in the Complaint and to include that information in its letter due by December 7, 2026.

In light of these foregoing, Houston's deadline to file an amended complaint naming the new Defendants is hereby EXTENDED to **January 6, 2027**.

Finally, on November 19, 2026, the NYAG filed a letter motion requesting that the Court *sua sponte* stay the deadline for Defendants Miller and Towns to respond to Houston's complaint. *See* ECF No. 25. In the interest of judicial efficiency, the deadline for all served Defendants to answer is hereby ADJOURNED to **January 27, 2027**, or **three weeks after Houston files an amended complaint**, whichever is earlier. Defendants may seek a further extension as necessary to serve judicial efficiency.

The Clerk of Court is directed to terminate ECF No. 25, to mail a copy of this order to Houston, and to mail a copy of this order to the New York State Attorney General's Office at 28 Liberty Street, New York, NY 10005.

SO ORDERED.

Dated: November 20, 2026
New York, New York

JESSE M. FURMAN
United States District Judge